UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RUBEN FLORES,

    Petitioner

v.   :   CIVIL NO. 3:CV-13-3012

WARDEN, USP ALLENWOOD,   :   (Judge Kosik)

    Respondent

FILED SCRANTON
DEC 19 2013
PER ___ DEPUTY CLERK

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Ruben Flores ("Flores"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, Pennsylvania. He submitted a money order in the amount of $7.50 for the payment of the required $5.00 filing fee in this matter.[1] Flores is challenging his 2011 conviction and sentence in the United States District Court for the Western District of Texas following a guilty plea to the charges of (1) Conspiracy to Possess with Intent to Distribute Cocaine and (2) Conspiracy to Possess with Intent to Distribute Heroin, both in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). For the reasons set forth below, the petition will be

---

[1] On December 16, 2013, the Clerk of Court returned the money order to him with instructions to resubmit the proper filing fee in the amount of $5.00. (Doc. 2.)

dismissed for lack of jurisdiction.

## I. Background

On September 7, 2011, Flores pled guilty to the charges listed above. He was sentenced by the United States District Court for the Western District of Texas on December 19, 2011, to a concurrent term of imprisonment of 360 months, to be followed by a 10 year term of supervised release. Flores thereafter filed a direct appeal with the Fifth Circuit Court of Appeals on December 21, 2011, and his conviction and sentence were affirmed on September 11, 2013. Based upon a review of the instant petition and attachments thereto, Flores then filed a "Petition for Writ of Habeas Corpus" challenging his conviction and sentence in the United States District Court for the Western District of Texas on October 3, 2013. Although he did not label his pleading as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the court found the relief he sought was more properly raised in such a motion. After explaining to Flores that § 2255 provides the primary means of collateral attack on a federal sentence, and because the record revealed that Flores had not filed a prior § 2255 motion with respect to his sentence, the court issued an order advising Flores of their intent to re-characterize his filing as a § 2255 motion, and providing him time within which to: (1) withdraw his present motion; (2) file a notice of consent stating that he wishes to proceed on the filing as a § 2255 motion; or (3) allowing him to amend his filing to contain all § 2255 claims he believes he

has. On October 25, 2013, the court received Flores' notice indicating he did not wish for his petition for writ of habeas corpus to be construed as a § 2255 motion, and making it clear he intended to pursue relief pursuant to 28 U.S.C. § 2241.

Based on the foregoing, the United States District Court for the Western District of Texas vacated its construction of Flores' habeas petition as a § 2255 motion and allowed it to proceed as a petition filed pursuant to 28 U.S.C. § 2241. (Doc. 1 at 12.) In analyzing the petition, the court found that Flores was attempting to challenge the District Court's application of sentencing enhancements under the United States Sentencing Guidelines and that the district of Flores' incarceration (United States District Court for the Middle District of Pennsylvania) is the only district that has jurisdiction to entertain his § 2241 petition. As such, the petition was dismissed for lack of jurisdiction, and Flores was informed that he could file his petition in the Middle District of Pennsylvania if he wished to do so. On December 16, 2013, the above-captioned habeas corpus petition pursuant to § 2241 was filed in this court wherein Flores challenges his Western District of Texas conviction and sentence.

II. **Discussion**

This matter is before the Court for screening. See 28 U.S.C. § 2243. The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.

3

§ 2254 (1977)(applicable to § 2241 petition under Rule 1(b)). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus

4

petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Flores attempts to raise claims in the pending § 2241 petition that clearly fall within the purview of § 2255. As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Clearly, he is unable to establish inadequacy or ineffectiveness as he has not previously filed a § 2255 motion in the District Court for the Western District of Texas where such claims could have been pursued. In fact, as evidenced above, when Flores filed a petition for writ of habeas corpus in the Western District of Texas, the court advised him that a § 2255 motion was the exclusive means of collaterally attacking his federal sentence, and provided him with the opportunity to have his petition re-characterized as a § 2255 motion. It was also noted by said court that Flores had not previously filed a § 2255 motion with respect to the conviction/sentence currently being challenged. Flores chose not to do so, but rather to pursue his claims in a § 2241 petition.

Merely because Flores failed to raise his challenges to his conviction/sentence

5

in the Western District of Texas District Court, this does not establish the inadequacy or ineffectiveness of the § 2255 remedy. To the contrary, he was advised of the need to file a motion pursuant to § 2255 and offered the opportunity to have his petition re-characterized as a motion filed under § 2255. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Further, this court has also verified that Flores has not pursued § 2255 relief in the Western District of Texas with respect to the challenged conviction/sentence. See http://www.pacer.gov.[2] Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction. An appropriate order follows.

---

[2] Further, even if Flores had filed a § 2255 motion with the Western District Court of Texas, there is also no indication that he ever filed a motion with the Fifth Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion.